**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|                                   |   |
| --------------------------------- | - |
|                                   | ) |
| TERRY L. CARTER,                  | ) |
|                                   | ) |
|     Plaintiff, | ) |
|                                   | ) |
|   v.                     | ) |
|                                   | ) |
| DEPARTMENT OF THE NAVY, et al.,   | ) |
|                                   | ) |
|     Defendants. | ) |
|                                   | ) |

**Civil Action No. 05-cv-0775 (RBW)**

_____

## <u>MEMORANDUM OPINION</u>

<u>Pro se</u> plaintiff Terry L. Carter brings this action against the Department of the Navy and the United States Marine Corps ("the defendants"), alleging (1) wrongful discharge from active duty based on a faulty medical diagnosis and (2) improper failure to correct military records, Complaint ("Compl.") ¶¶ 1, 11-42, Plaintiff's Opposition to Defendants' Motion to Dismiss ("Pl.'s Opp.") at 3, and seeking declaratory relief, Compl. ¶ 2; Pl's Opp. at 3-4.  Currently before the Court is the defendants' motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.[1]  For the reasons set forth below, the defendants' motion to dismiss is granted in part and denied in part.

### I. Background

The plaintiff voluntarily enlisted in the United States Marine Corps on August 29, 1974. Compl. ¶ 24; Defs.' Mem. at 1.  While on active duty, the plaintiff suffered from abdominal pain, was diagnosed with "sickle cell disease," and underwent a splenectomy in February 1977.

---

[1]The following papers have been submitted in connection with this motion: (1) Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss ("Defs.' Mem."); (2) Pl.'s Opp.; (3) Declaration of Plaintiff in Support of Opposition to Defendants' Motion to Dismiss ("Pl.'s Decl."); and (4) Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss ("Defs.' Reply").

Compl. ¶¶ 11, 24, 38; Defs.' Mem. at 2.  The plaintiff continued to suffer from abdominal pain

after his surgery, Compl. ¶ 11; Defs.' Mem. at 2, and he was honorably discharged on February

17, 1978, following a determination by a Physical Examination Board ("PEB") that he was unfit

for duty due to a permanent physical disability connected, in part, with his military service.[2]

Compl. ¶¶ 3, 11; Defs.' Mem. at 3.

In 1997, and again in 2000, the plaintiff sought evaluation and treatment of his medical

condition.  Compl. ¶¶ 13-14.  The plaintiff alleges that this treatment revealed that his continuing

medical problems were a result of his 1977 surgery.  Id. ¶ 14.  In 2002, the plaintiff filed an

application with the Board for Correction of Naval Records ("BCNR" or "Board") seeking to

change his military records to reflect that he retired with a full disability and requesting that he be

promoted to the next highest pay grade of E-5.[3]  Id. ¶ 18; Defs.' Mem. at 3.  The BCNR did not

formally review the plaintiff's application; rather, in April 2003, the Board administratively

closed the plaintiff's case pending receipt of his medical records from the Department of

Veterans Affairs ("VA").  Compl. ¶ 16 & Exhibit ("Ex.") E-1.  In May 2003, the plaintiff was

allegedly provided with previously concealed information which revealed that his discharge was

the result of the defendants' misdiagnosis of the cause for his medical condition.  Compl. ¶ 15.

---

[2] Congress has set forth guidelines for the retirement or separation of military personnel due to physical
disability and has vested in the Secretary of each branch of the military the discretion to determine both who is unfit
for duty and the extent of that individual's disability. See 10 U.S.C. § 1201 (2000). The PEB is the board through
which the Secretary of the Navy determines fitness for duty and entitlement to benefits at separation or retirement.
SECNAVINST 1850.4C.

[3] 10 U.S.C. § 1552 (2000) governs the process for correcting military records and provides that "[t]he
Secretary of a military department may correct any military record of the Secretary's department when the Secretary
considers it necessary to correct an error or remove an injustice." The BCNR is the board delegated by the Secretary
of the Navy to administratively review applications for the correction of military records. The procedures of the
BCNR are detailed in SECNAVINST 5420.193 and codified as 32 C.F.R. §§ 723.1-723.11 (2006).

On March 3, 2004, the plaintiff filed a complaint in the United States Court of Federal Claims, alleging that the United States, through a pattern of discriminatory and retaliatory conduct motivated by racial animus, had wrongfully discharged him and illegally concealed records that would have revealed the true cause for the medical problem that resulted in his discharge.  See Defs.' Mot., Ex C. (Carter v. United States, No. 04-284C, slip. op. at 4 (Fed. Cl. Sept. 10, 2004)).  The plaintiff sought an order correcting his retirement status and seeking declaratory relief and an award of back pay.  See id. at 4.  In September 2004, the Court of Federal Claims dismissed the plaintiff's complaint for lack of subject matter jurisdiction, holding that the plaintiff's claim was time-barred by 28 U.S.C. § 2501 (2000), which provides that "[e]very claim of which the United States Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."  See id. at 5-7, 11. The plaintiff then re-applied to the BCNR to change his military records in November 2004. Compl. ¶ 19; Defs.' Mem. at 4.  In January 2005, the BCNR notified the plaintiff that it would not reopen his application until the plaintiff provided it with a copy of the contents of his VA claims folder.  Compl., Ex. E-2 (January 28, 2005 letter from W. Dean Pfeiffer to Terry Carter) at 1-2.  In March 2005, the BCNR reaffirmed that it had been unable to obtain a copy of the contents of the plaintiff's VA claims folder and, therefore, would not reopen the plaintiff's application until it had received a complete copy of the contents folder from the plaintiff. Compl., Ex. E-3 (March 8, 2005 letter from W. Dean Pfeiffer to Terry Carter) at 1-2.

The plaintiff filed suit in this Court on April 18, 2005, contending that medical malpractice was committed against him by Navy doctors, that he was the victim of discrimination, and that the defendants acted unlawfully in discharging him from the military on

3

February 17, 1978, and concealing his medical records.  Compl. ¶¶ 11-14.  Specifically, the

plaintiff alleges that the defendants have "beleagured and besieged [him] with hostile intent" and

caused him to be unlawfully discharged from the military in violation of the Fifth Amendment,

various federal statutes, and sections of the United States Marine Corps Promotion Manual and

the United States Department of Defense Personnel Manual.  Id. ¶ 1.  Although the plaintiff does

not state that he is bringing a claim under the Administrative Procedure Act, 5 U.S.C. § 706

(2000) ("APA"), he does appear to challenge the BCNR's refusal to correct his military records

in 2005, Compl. ¶¶ 16-20.[4]

On July 20, 2005, the defendants moved to dismiss the complaint, asserting that the

plaintiff's claims "are without merit[] and allege no statutory basis for this Court's subject matter

jurisdiction over his claims," Defs.' Mem. at 1, and also arguing that even under a liberal

construction of the complaint, the plaintiff has failed to state a claim upon which relief can be

granted,  id. at 2.[5]  The defendants note that "the Court might find that [the plaintiff] attempts to

---

[4] The plaintiff argues that his "application has been denied both by operation of statute and the communicated refusal of the Board to act further thereon."  Compl. ¶ 16.  He alleges "that in November 2004 and January 2005, [he] mailed verifiable copies of the indicated service medical records to [the defendants], and in February 2005, mailed notarized 'Authorization to Release Records' which [the defendants] refused to implement, stating by letter dated in March 2005 that the defendants would not be reopening [the plaintiff's BCNR file]."  Id. ¶ 19.

[5] The defendants further argue that because the plaintiff's claims have been previously considered and dismissed by the United States Court of Federal Claims, this Court must dismiss the complaint as barred by res judicata.  Defs.' Mem. at 11.  In response, the plaintiff appears to concede that the 2004 disposition by the Court of Federal Claims precludes relitigation of claims under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. (2000) ("FTCA"), and Tucker Act, 28 U.S.C. § 1491 (2000) ("Tucker Act"), Pl.'s Opp. at 3-4, but contends that he has not asserted such claims in the present complaint, id. at 2.  Moreover, the plaintiff states that the previous dismissal does not constitute an adjudication on the merits as to "APA claims neither presented, relevant to, or otherwise raised or adjudicated in that proceeding."  Id. at 4.

Under res judicata, a final judgment on the merits precludes a party from relitigating claims that were or could have been raised in the initial action.  See Apotex, Inc. v. FDA, 393 F.3d 210, 217 (D.C. Cir. 2004) (observing that "the doctrine of res judicata . . . bars a second suit involving identical parties or their privies based on the same

(continued...)

state claims under the Administrative Procedure Act," id. at 1, but argue that to the extent that the

plaintiff has stated a claim under the APA, the Court lacks jurisdiction because any such claim

would be barred by the applicable six-year statute of limitations, id. at 6-7.[6]  Further, the

_____

[5](...continued)

cause of action. . . .  [T]he same cause of action turns on whether [the suits] share the same nucleus of facts.") (internal quotation marks and citation omitted).  As noted earlier, the plaintiff filed an action in the Court of Federal Claims in 2004, alleging discrimination, retaliation, and other wrongful conduct relating to his 1978 military discharge.  See Defs.' Mot., Ex. C (Carter v. United States, No. 04-284C, slip op. at 4).  In September 2004, that Court concluded that the plaintiff's claims were time-barred by the applicable statute of limitations and therefore dismissed the plaintiff's complaint.  Id. at 11.  "A dismissal based on the statute of limitations in the Court of Claims is a decision on the merits and is res judicata in the [f]ederal [d]istrict [c]ourts."  Calhoun v. Lehman, 556 F. Supp. 67, 68 (D.D.C. 1982), remanded on other grounds, 725 F.2d 115 (D.C. Cir. 1983).  Therefore, to the extent that the plaintiff has alleged claims in the present case concerning his 1978 military discharge that were or could have been raised in the Court of Federal Claims, the relitigation of such claims is barred by res judicata.  On the other hand, any claims relating to the plaintiff's military discharge that could not have been brought before the Court of Federal Claims may not be dismissed on res judicata grounds and must be analyzed on their own merits.  The Court of Federal Claims, for example, has no jurisdiction in non-contract cases to entertain claims for declaratory or injunctive relief, except to the extent that such relief is necessary "[t]o provide an entire remedy and to complete the relief afforded by the judgment [for money damages]."  28 U.S.C. § 1491(a)(2); see also United States v. King, 395 U.S. 1, 4 (1969) (observing that "cases seeking relief other than money damages from the Court of [Federal] Claims have never been within its jurisdiction") (internal quotation marks omitted); cf. Kidwell v. Dep't of Army, 56 F.3d 279, 284 (D.C. Cir. 1995) (holding that "as long as the sole remedy requested is declaratory or injunctive relief that is not negligible in comparison with the potential monetary recovery, . . . [courts should] treat the complaint as something more than an artfully crafted attempt to circumvent the jurisdiction of the Court of Federal Claims") (internal quotation marks and citations omitted); Bernard v. Dep't of Defense, 362 F. Supp. 2d 272, 283 (D.D.C. 2005) (same) (quoting Kidwell, 56 F.3d at 284).  Nor does the Court of Federal Claims "have jurisdiction over claims for damages in cases 'sounding in tort.'"  Rochon v. Gonzales, 438 F.3d 1211, 1214 (D.C. Cir. 2006) (quoting 28 U.S.C. § 1491(a)(1)).  Because the plaintiff appears to seek exclusively declaratory relief, see infra, and, although in his opposition to the defendants' motion he denies raising a tort claim, Pl.'s Opp. at 3, because aspects of the plaintiff's muddled and circuitous complaint allege potentially tortious conduct which could not have been brought in the Court of Federal Claims, see Compl. ¶ 34 (alleging that the defendants issued orders which "bec[a]me the direct cause of [the] plaintiff's medical injury," including "eventual surgery involving . . . injurious . . . medical treatment that resulted in [the] plaintiff's continuing medical debilitation to date"), it is at least possible that the complaint states claims relating to the plaintiff's 1978 military discharge which could not have been brought before the Court of Federal Claims in 2004.  Thus, in an abundance of caution, the Court will undertake an independent analysis of whether the plaintiff's claims arising from his 1978 military discharge have been timely brought. Moreover, the plaintiff is absolutely correct that the 2004 decision of the Court of Federal Claims has no preclusive effect on any of the plaintiff's claims relating to the defendants' alleged refusal to review his application for correction of his military records in 2005.  See Pl.'s Opp. at 4.

[6]  The defendants also argue that the Court lacks subject matter jurisdiction under the Tucker Act to the extent that the plaintiff has brought claims pursuant to the FTCA.  Defs.' Mem. at 9-14.  In response, the plaintiff states that he is not attempting to bring claims pursuant to the FTCA.  Pl.'s Opp. at 2-4  (stating that his claims seek declaratory judgment, "that no damages are sought that would enable or give rise to a claim sounding in tort," and that "none of the [d]efendants' arguments proffered in connection with the FTCA and Tucker Act analysis [are]

(continued...)

defendants allege that even if the plaintiff has brought a timely APA claim, it should be

dismissed because there has been no final agency action.[7]  Id. at 7-8.  Finally, the defendants

assert that any APA claims fail as a matter of law because the plaintiff seeks monetary damages.[8]

---

[6](...continued)
relevant"). The defendants urge that because the plaintiff has admitted that he is only seeking declaratory judgment, any FTCA claims should be dismissed by the Court. Defs.' Reply at 2-3.  Under the FTCA, the district courts have jurisdiction over claims against the United States for money damages.  28 U.S.C. § 1346(b)(1) (2000).  Because the plaintiff readily concedes that his complaint neither "explicitly [n]or in essence seek[s] monetary relief," Pl.'s Opp. at 3 (internal quotation marks omitted), the Court concludes that he has not brought a claim pursuant to the FTCA.

[7]  The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review" under the APA.  5 U.S.C. § 704 (emphasis added); see also Cobell v. Norton, 240 F.3d 1081, 1095 (D.C. Cir. 2001) (noting that "[w]ith a few exceptions, if there is no final agency action, there is no basis for review of the government's decision or policy").  The defendants argue that the Court lacks subject matter jurisdiction because the BCNR has not made a final administrative decision on the merits of the plaintiff's claim, but rather has merely closed the plaintiff's file as incomplete until such time as the  plaintiff provides the requested VA records. Defs.' Mem. at 7-9; see also Compl., Exs. E-1 to E-3.  And the defendants maintain that the closure of an incomplete application is not "final agency action" under the APA. Defs.' Mem. at 8-9.  They assert that the plaintiff "simply needs to comply with the Department of the Navy's administrative procedures and provide the necessary documents to the BCNR to request a final determination concerning the correction of his military record." Id. at  9.  In reply, the plaintiff alleges that the defendants' refusal to properly act on his BCNR application is final agency action and is therefore justiciable under the APA.  Pl.'s Opp. at 8-9.  Specifically, the plaintiff argues that the failure to act on his "proper and complete" application for the correction of his military records "is justiciable, and within the jurisdiction of this Court." Id. at 8.  The plaintiff also notes that he did not provide the BCNR with the actual records from the VA and that it is not his obligation to do so.  Id. at 6 n.3.  He alleges that he supplied the BCNR with "copies of the pertinent medical records supporting his claim" and "identified the Department of Veterans Affairs (DVA) Regional Office and the VA File Number where any additional records required to provide a comprehensive review of the errors and/or injustices sought to be remedied could be obtained."  Id. at 6.  The plaintiff contends that the application for correction of military records solicits information concerning the whereabouts of records pertinent to an applicant's case in order to "convey to the application [sic] an acceptance of any obligation on the part of the Secretary to obtain those records from the DVA." Id. at 6 n. 3.  Because the Court is granting the plaintiff leave to amend his complaint to allege his APA claim with greater clarity, there is no need to resolve whether there has been final agency action at this time.

[8]  The defendants contend that although the plaintiff has sought to cast his claims as equitable in nature, a true reading of his complaint reveals it to be essentially a suit for money damages. Def.'s Reply at 7.  The Court agrees with the defendants that the APA does not authorize an award for monetary damages.  See 5 U.S.C. § 702 (providing that a plaintiff may bring an action against a federal agency in a federal court "seeking relief other than money damages").  Thus, to the extent that the plaintiff has asserted an APA claim for monetary damages, such claim must be dismissed by the Court.  However, as noted already, the plaintiff explicitly declares that he is not seeking monetary relief, but rather a declaratory judgment.  Pl.'s Opp. at 2-3.  A complaint should not be categorized as seeking money damages "merely because its success may lead to pecuniary costs for the government or benefits for the plaintiff."  Vietnam Veterans of Am. v. Sec'y of Navy, 843 F.2d 528, 533 (D.C. Cir. 1988); see also Calloway v.

(continued...)

Defs.' Reply at 6-7.  In response, the plaintiff concedes that the complaint does not explicitly

state a claim under the APA.  Pl.'s Opp. at 4.  He therefore requests that the Court deem the

complaint amended to include such a claim.  Id.  In addition, the plaintiff contends that he

submitted a complete BCNR application, that the statute of limitations period has not run on the

BCNR's failure to properly act on his application, and that the BCNR's failure to act is agency

action that falls under the jurisdiction of this Court.  Id. at 5, 7-8.

## II. Standards of Review

### A. Rule 12(b)(1)

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), "the

plaintiff bears the burden of establishing that the court has subject-matter jurisdiction."  Natural

Resources Def. Council v. Johnson, 422 F. Supp. 2d 105, 110 (D.D.C. 2006) (citing Lujan v.

Defenders of Wildlife, 504 U.S. 555, 561 (1992)).  When evaluating a Rule 12(b)(1) motion, the

Court "must accept the complaint's well-pled factual allegations as true and draw all reasonable

inferences in the plaintiff's favor."  Thompson v. Capitol Police Bd., 120 F. Supp. 2d 78, 81

(D.D.C. 2000).  However, the Court need not "accept inferences unsupported by the facts alleged

or legal conclusions that are cast as factual allegations."  Zhengxing v. Nathanson, 215 F. Supp.

2d 114, 116 (D.D.C. 2002); see also Mountain States Legal Found. v. Bush, 306 F.3d 1132, 1134

---

[8](...continued)

Brownlee, 366 F. Supp. 2d 43, 52 (D.D.C. 2005) (Walton, J.).  The District of Columbia Circuit has conclusively
held that actions under the APA which challenge decisions of military correction boards and seek only declaratory
relief that is "not 'negligible in comparison' with the potential monetary recovery" should not be construed as
seeking monetary relief.  Tootle v. Sec'y of the Navy, 446 F.3d 167, 169 (D.C. Cir. 2006) (concluding that a service
member seeking review of a Navy PEB determination that he was not eligible for medical retirement and asking for
declaratory relief should not be construed as seeking monetary relief merely because the success of his claim may
have monetary consequences) (quoting Kidwell, 56 F.3d at 284).  Accordingly, the Court concludes that the plaintiff
does not assert an APA claim for money damages.  See Pl.'s Opp. at 3 (stating that "[n]owhere [in the complaint] is
there found any allegation explicitly or 'in essence' seeking monetary relief").

(D.C. Cir. 2002).  Additionally, the Court may consider material outside of the pleadings in its

effort to determine whether the Court has jurisdiction in the case.  <u>Calloway v. Brownlee</u>, 366 F.

Supp. 2d 43, 49 (D.D.C. 2005) (Walton, J.).  The Court may dismiss a complaint for lack of

subject matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief."  <u>Loughlin v. United States</u>, 393

F.3d 155, 162-63 (D.C. Cir. 2004) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957))

(internal quotation marks omitted).

**B. Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), the legal sufficiency of a complaint is

tested.  <u>Browning v. Clinton</u>, 292 F.3d 235, 242 (D.C. Cir. 2002).  A "complaint need only set

forth 'a short and plain statement of the claim,' . . . giving the defendant fair notice of the claim

and the grounds upon which it rests."  <u>Kingman Park Civic Ass'n v. Williams</u>, 348 F.3d 1033,

1040 (D.C. Cir. 2003) (quoting Fed. R. Civ. P. 8(a)(2) and <u>Conley</u>, 355 U.S. at 47).  Moreover,

the pleadings of <u>pro se</u> parties are held to "less stringent standards than formal pleadings drafted

by lawyers."  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  However, "[a]lthough a court will

read a <u>pro se</u> plaintiff's complaint liberally, a <u>pro se</u> complaint must present a claim on which the

Court can grant relief."  <u>Chandler v. Roche</u>, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing

<u>Crisaft v. Holland</u>, 665 F.2d 1305, 1308 (D.C. Cir. 1981)).

When evaluating a motion for failure to state a claim upon which relief can be granted

pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court "must treat the complaint's

factual allegations as true and must grant the plaintiff the benefit of all inferences that can be

derived from the facts alleged."  <u>Sparrow v. United Airlines, Inc.</u>, 216 F.3d 1111, 1113 (D.C. Cir.

2000) (internal quotation marks and citations omitted).  A complaint may be dismissed under

Rule 12(b)(6) "only if it is clear that no relief can be granted under any set of facts that could be

proved consistent with the allegations."  Totten v. Norton, 421 F. Supp. 2d 115, 119 (D.D.C.

2006) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (internal quotation

marks omitted).  Moreover, "[b]are conclusions of law and sweeping and unwarranted averments

of fact will not be deemed admitted" for the purpose of a Rule 12(b)(6) motion.  M.K. v. Tenet,

99 F. Supp. 2d 12, 17 (D.D.C. 2000) (citing Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C.

Cir. 1987)).

### III. Analysis

The defendants argue that the plaintiff has not set forth a proper statutory basis for the

Court's jurisdiction over his claims.  Defs.' Mem. at 1.  They argue that "[the plaintiff] does not

cite any bases for subject matter jurisdiction by this Court or waiver of sovereign immunity by

the United States."  Id. at 14.  Further, the defendants assert that even under a liberal construction

of the complaint, all of the plaintiff's claims are barred by the six-year statute of limitations.[9]  Id.

at 1-2 (citing 28 U.S.C. § 2401(a)).  They argue that an action challenging a discharge from

military service accrues at the time the discharge occurs.  Id. at 7 (citing Walters v. Sec'y of

Defense, 725 F.2d 107 (D.C. Cir. 1983)).  According to the defendants, "the clock started ticking

---

[9] The defendants broadly construe the complaint as possibly attempting to state claims under the APA, the FTCA, and the Tucker Act.  Defs.' Mem. at 1-2.  The defendants argue that even if the plaintiff has properly alleged claims under the FTCA and the Tucker Act, those claims should be dismissed with prejudice because they are without merit.  Defs.' Reply at 2-3.  Specifically, the defendants allege that the plaintiff cannot recover under the FTCA because his claims are for injuries that arose out of or in the course of his military service.  Id. at 3 (citing Feres v. United States, 340 U.S. 135, 146 (1950)).  The defendants also contend that a Tucker Act claim would be barred by the res judicata doctrine because the claim was previously brought and dismissed for lack of subject matter jurisdiction in the  Court of Federal Claims in 2004.  Id.  However, the Court concludes that the plaintiff has not brought claims under either the FTCA or the Tucker Act, and it therefore need not address these arguments.

on February 17, 1978, and [the plaintiff] should have brought any claims no later than February

17, 1984.  It is now twenty-one years too late." Id.

   In reply, the plaintiff cryptically contends that "[t]he jurisdictional facts of this case are

adequately set forth in the complaint."[10]  Pl.'s Opp. at 1.  The plaintiff also maintains that his

claims are not barred by the statute of limitations.  Id. at 5.  Specifically, he argues (1) that the

claims relating to his military discharge did not accrue in 1978; and (2) that the claims relating to

his 2003 and 2004 BCNR applications are clearly within the six-year statute of limitations.  Id. at

5-6.  He also asserts that the defendants' reliance on 28 U.S.C. § 2401(a) in connection with the

plaintiff's date of military discharge is misplaced.  Id. at 5.  First, the plaintiff argues that his

military discharge date of February 17, 1978, is void because he did not receive a formal hearing

as he demanded in December 1977.  Id. at 10.  Rather, the plaintiff suggests that claims relating

to his military discharge would not have begun to accrue until the time at which he "discover[ed]

the alleged error or injustice."  Id. at 5.  Second, the plaintiff argues that any limitation period

would not begin to run on his claim challenging the defendants' failure to act on his application

for correction of his military records "until the date that such failure or refusal to act is

determined to operate as a final determination of the Secretary on the application."  Id.  The

plaintiff claims that "[n]either the April 2003 denial of the [p]laintiff's initial application or [the]

---

[10] In the complaint, the plaintiff asserts that the Court has jurisdiction to hear his claims under 10 U.S.C. § 1558(f) (2000), and 28 U.S.C. §§ 1331 and 2201 (2000). Compl. ¶ 2.  In his opposition to the defendant's motion to dismiss, the plaintiff concedes that he has not stated a claim under the APA and "requests that the Court deem the [c]omplaint amended . . . to substitute 10 U.S.C. § 1558(f) for 5 U.S.C. §§ 702, 706 [sic], or in the alternative that [he] be permitted the filing of an amended Complaint." Pl.'s Opp. at 4.

January 2005 denial of the amended application is outside the time within which an action may be brought for review and relief of those determinations." Id. at 5-6.

As noted earlier, any claims relating to the plaintiff's 1978 military discharge that were or could have been brought in the plaintiff's 2004 complaint before the Court of Federal Claims are precluded from relitigation by the doctrine of res judicata.  See supra note 5.  For the reasons that follow, the Court concludes that all of the plaintiff's other claims relating to his military discharge, but not those relating to his application for correction of his military records, are barred by the statute of limitations.  Furthermore, to the extent that the plaintiff asks that his complaint be construed to include an APA claim alleging that the BCNR improperly failed to correct his military record when they closed his applications in April 2003 and January 2005, he is effectively attempting to raise new claims in his opposition to the defendants' motion to dismiss.  Although such claims are within the six-year statute of limitations, they have not been properly alleged.  Accordingly, the Court must dismiss with prejudice the claims relating to the plaintiff's 1978 military discharge, but will afford the plaintiff leave to amend his complaint to include APA claims challenging the BCNR's 2003 and 2005 actions.

### A. The Statute of Limitations

All civil actions brought against the United States "shall be barred unless the complaint is filed within six years after the right of action first accrues."  28 U.S.C. § 2401(a).  A cause of action "accrues when it first comes into existence as an enforceable claim or right."  Felter v. Norton, 412 F. Supp. 2d 118, 125 (D.D.C. 2006) (citations omitted).  The plaintiff's cause of action for his claims of racial discrimination, for which he now seeks declaratory relief, Compl.

at 15, clearly began to accrue during his service time, when the plaintiff by his own admission "challenged those [allegedly discriminatory] acts and conduct of the defendant . . . to the resentment of his superiors," Compl. ¶ 30.  And "it seems eminently sensible to conclude" that the plaintiff's cause of action for claims relating to his 1977 splenectomy and subsequent honorable discharge "first accrued when he received his . . . discharge" in February 1978—that is, when the PEB determined that the plaintiff was unfit for service and entitled to a partial disability.  Walters, 725 F.2d at 114.  Accordingly, the Court agrees with the defendants that the clock began to run no later February 17, 1978, for any claims relating to the plaintiff's military service or military discharge.[11]  Thus, the plaintiff's claims that he was improperly discharged based on racial discrimination and a faulty medical diagnosis in violation of the United States Constitution, applicable statutes, and military regulations had to be initiated within six years of the discharge, or by February 17, 1984.[12]  Having filed suit with this Court on April 18, 2005, the

---

[11]  By contrast, the plaintiff's right to petition the BCNR for correction of his records to reflect a discharge at full disability arguably began to accrue in May 2003, at which point he alleges he "was first provided with information [indicating] the . . . arbitrary, capricious and otherwise unlawful nature of the [1978] discharge." Compl. ¶ 15.  5 U.S.C. § 1552(b) states that a petitioner seeking relief from the BCNR must "file[] a request for the correction within three years after he discovers the error or injustice."  See Ortiz v. Sec'y of Defense, 41 F.3d 738, 740-41 (D.C. Cir. 1994) (discussing § 1552(b)).  In Ortiz, the District of Columbia Circuit held that § 1552(b)'s three-year limitations period to seek correction of records by the Army Board for the Correction of Military Records did not begin to run until the plaintiffs had timely exhausted their remedies before the Army Discharge Review Board under 10 U.S.C. § 1553(a) (2000) and 32 C.F.R. § 581.3(c)(3) (2006)  Here, there is no indication that the plaintiff ever sought review of his discharge by the Naval Discharge Review Board ("NDRB") under § 1553(a), which allows an individual to petition the NDRB within fifteen years of his or her discharge.  See generally Compl.; 10 U.S.C. § 1553(a).  Thus, Ortiz is inapplicable to the present case to the extent that it suggests, as discussed further below, that the general six-year limitations period of § 2401(a)—like the three-year period of § 1552(b), for which a special regulation exists requiring petitioners to first seek review by the NDRB, 32 C.F.R. 581.3(c)(3); Ortiz, 41 F.3d at 741-45—might be tolled until the plaintiff has exhausted his administrative remedies before the NDRB.  Moreover, because the gravamen of the plaintiff's 2003 and 2004 applications to the BCMR is a request that his records be corrected to reflect retirement with a full disability rather than a challenge to his discharge, Compl. ¶ 18, the plaintiff's BCMR applications appear not to be barred by the exhaustion requirement of 32 C.F.R. 581.3(c)(3).

[12]  Alternatively, the plaintiff was entitled to move for review of his discharge by the NDRB.  10 U.S.C. §

(continued...)

plaintiff has brought this action well outside the applicable six-year statute of limitations.[13]  All

of the plaintiff's claims alleging constitutional and statutory violations by the defendants leading

to his 1978 military discharge, including the defendants' alleged medical malpractice and racial

discrimination, are thus barred by § 2401(a).

On the other hand, the plaintiff's claims regarding his 2003 and 2005 applications for the

correction of his military record are not barred by 28 U.S.C. § 2401(a).[14]  Bittner v. Sec'y of

Defense, 625 F. Supp. 1022, 1029 (D.D.C. 1985) (concluding that plaintiffs seeking review of

administrative review boards' decisions regarding the upgrade of their military discharge were

---

[12](...continued)
1553(a).  However, such a motion must be made within fifteen years of the date of the plaintiff's discharge, a period which also expired on February 17, 1993.  Id.  As noted above, there is no indication that the plaintiff ever petitioned the Naval Discharge Review Board to challenge his discharge, let alone during the applicable timeframe.

[13]  Traditionally, the District of Columbia Circuit has "strictly construed" the six-year statute of limitations for suing the United States as "a jurisdictional condition attached to the government's waiver of sovereign immunity."  Spannaus v. U.S. Dept. of Justice, 824 F.2d 52, 55 (D.C. Cir. 1987); see also Kendall v. Army Board for Correction of Military Records, 996 F.2d 362, 366 (D.C. Cir. 1993) (affirming the dismissal of a case seeking review of discharge of former service member for lack of jurisdiction given the expiration of the limitations period).  However, recent decisions have expressed doubt about the jurisdictional nature of 28 U.S.C. § 2401(a) and have held that it is subject to equitable tolling when the suit is analogous to a suit against a private party.  See Felter, 412 F. Supp. 2d at 123-24 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990)); see also Harris v. Fed. Aviation Admin., 353 F.3d 1006, 1013 n. 7 (D.C. Cir. 2004); Chung v. Dep't of Justice, 333 F.3d 273, 276-77 (D.C. Cir. 2003).  The equitable tolling doctrine may have application to "a complaint filed after its expiration where a plaintiff demonstrates '(1) that the petitioner has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'"  Felter, 412 F. Supp. 2d at 126 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  Assuming that the equitable tolling doctrine applies to § 2401(a), the plaintiff could not avail himself of it because he has not been pursuing his rights diligently and no extraordinary circumstances stood in his way.  The plaintiff does not account for the intervening years between his 1978 military discharge and his 1997 medical treatment.  See generally Compl.  The plaintiff suspected the defendants of improper motives at the time of his discharge, id. ¶¶ 25-31; therefore, due diligence would have required the plaintiff to pursue his claims then.  Thus, even applying equitable tolling, the plaintiff's claims are time barred.

[14]  The Court notes that the defendants do not address the applicability of the statute of limitations in the context of the plaintiff's request for judicial review of the BCNR's actions in 2003 and 2005 relating to his applications to correct his military record.  While the defendants properly rely on Walters for the position that the plaintiff's claims challenging his 1978 military discharge are time-barred, see Defs.' Mem. at 6-7, the Walters Court explicitly did not address the issue of when a cause of action accrues if a plaintiff seeks administrative review of a military discharge decision.  Walters, 725 F.2d at 115.

not barred by the statute of limitations, even though plaintiffs were barred from seeking review of their original discharge where it occurred more than six years before the case was filed) (quoting Van Bourg v. Nitze, 388 F.2d 557, 563 (D.C. Cir. 1967)).  Accordingly, the statute of limitations does not bar the plaintiff from bringing a claim relating to the 2003 and 2005 actions of the BCNR refusing to correct his military record.  Id.

### B. The APA Claim

Claims challenging the decisions of military boards for the correction of records are subject to judicial review under the APA.  Piersall v. Winter, 435 F.3d 319, 324 (D.C. Cir. 2006). The plaintiff, however, concedes that his complaint does not properly articulate a claim under the APA seeking judicial review of the defendants' denial of his applications to the BCNR.  Pl.'s Opp. at 4.  Consequently, the plaintiff "requests that the Court deem the Complaint amended [to include a claim under the APA] or in the alternative that [he] be permitted the filing of an amended Complaint."  Id.  The defendants argue in response that the plaintiff cannot de facto amend his complaint by asserting new claims under the APA in his responsive pleadings.  See Defs.' Reply at 3-4 (arguing that the plaintiff has not complied with Local Civil Rule 7(i) by failing to provide the defendants or the Court with his proposed amended complaint).

Local Civil Rule 7(i) requires that "[a] motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleadings as amended." Local Civ. R. 7(i). However, Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); see also Davis v. Liberty Mut. Ins. Co., 871 F.2d 1134, 1136-37 (D.C. Cir. 1989) (stating that "[i]t is common ground that Rule

15 embodies a generally favorable policy toward amendments") (citation omitted); <u>Graves v. United States</u>, 961 F. Supp. 314, 317 (D.D.C. 1997) (noting that the decision whether to grant or deny leave to amend is within the court's discretion).  Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," a court should grant a request to amend a complaint.  <u>Atchinson v. District of Columbia</u>, 73 F.3d 418, 425-26 (D.C. Cir. 1996) (internal quotation marks and citations omitted).  Further, "Rule 15(a) 'guarantees a plaintiff an absolute right' to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss." <u>Adams v. Quattlebaum</u>, 219 F.R.D. 195, 196 (D.D.C. 2004) (quoting <u>James v. Hurson Assocs., Inc. v. Glickman</u>, 229 F.3d 277, 282-83 (D.C. Cir. 2000)).

In the instant case, because the plaintiff is a <u>pro se</u> litigant whose pleadings are held to a less stringent standard than those drafted by a lawyer, the Court will read all of the plaintiff's filings together and consider his complaint in light of his reply to the motion to dismiss. <u>See Richardson v. United States</u>, 193 F.3d 545, 548 (D.C. Cir. 1999).  In <u>Richardson</u>, the District of Columbia Circuit considered four factors in holding that the district court erred in refusing to consider a <u>pro se</u> plaintiff's reply to constitute an amendment to his original complaint: (1) the plaintiff was a <u>pro se</u> litigant; (2) the plaintiff could have amended his claim as a right because the defendant had not yet filed a responsive pleading; (3) the plaintiff recognized the need for and attempted to make a change to his original complaint; and (4) the lack of evidence showing that the defendant would be prejudiced by a grant to amend the complaint.  <u>Id.</u> at 548-49.  As in

Richardson, the plaintiff here is proceeding pro se, he has requested to amend his complaint prior

to its dismissal, he clearly intended to change his complaint, if so permitted, to include a claim

under the APA, and the defendants will not be prejudiced by allowing the complaint to be

amended.  Therefore, although the plaintiff did not include an APA claim in his original

complaint, this Court will read the plaintiff's complaint in light of his reply to the motion to

dismiss.  Because APA claims challenging the BCNR's 2003 and 2005 actions may be proper

subjects for relief and because the plaintiff has requested leave to amend his complaint to include

such claims, the Court grants the plaintiff leave to amend his complaint to assert with greater

clarity claims challenging the 2003 and 2005 actions of the BCNR under the APA.  However, the

plaintiff may not seek to amend his complaint in any other respect.  Cf.  Wyatt v. Syrian Arab

Republic, 362 F. Supp. 2d 103, 117 (D.D.C. 2005) (allowing the plaintiffs to amend their

complaint with a statement indicating which jurisdiction's law they sought to apply, but not

allowing any other modifications of the complaint).

## IV. Conclusion

For the reasons stated above, the Court dismisses the claims related to the plaintiff's 1978

military discharge, but grants the plaintiff leave to amend his complaint to assert with greater

clarity his claims challenging the 2003 and 2005 closures of his BCNR applications under the

APA.[15]

---

[15]  An Order consistent with the Court's ruling accompanies this Memorandum Opinion.

**SO ORDERED** this 24th day of August, 2006.


                                        REGGIE B. WALTON
                                        United States District Judge